QUESTION: May a municipality levy a utility tax on the users of a municipal sanitary sewer system?
SUMMARY: Notwithstanding the provisions of a special law antedating the 1968 Revised Constitution empowering a municipality to levy a utility tax against each and every purchaser or person using the municipal sanitary sewer service within its corporate limits, the municipality may not now levy such tax under the authority of such special law. The power to levy utility taxes may be granted only by general law. In the absence of the grant of such power by general law, Art. VII, ss. 1 and 9, State Const., serves to preempt this form of taxation to the state and to inhibit the imposition of such tax by the municipality. Neither s.166.201 nor s. 166.231(1), F.S., authorizes the imposition by municipalities of a utility tax on users of municipal sanitary sewer services. A municipal sanitary sewer service is not a competitive utility service with those enumerated in s. 166.231, F.S., under the provisions of s. 166.231(2) and is therefore not subject to taxation as a competitive utility service. As stated in your letter, s. 11(B), Ch. 63-2001, Laws of Florida, amending the charter of the City of Titusville, provides that: Section 11. General Powers of the City. City of Titusville hereby created, established and organized shall have full power and authority: * * * * * B. Utility taxes. To levy a utility tax against each and every purchaser or person using electricity, natural or bottled gas, water and sanitary sewer service, and local telephone and telegraph service, within the corporate limits of the City in an amount not to exceed ten percent of the payments received by the seller of such utility services from the purchaser for the purchase of such utility services, either under the provisions of an ordinance adopted by the City, or under the provisions of Section 167.431, Florida Statutes of 1955. The question arises as to whether or not this grant of authority to the City of Titusville to levy a utility tax, either by a municipal ordinance or under the provisions of s. 167.431, F.S. [s. 166.231, F.S.], against each and every purchaser or person using the sanitary sewer service within the corporate limits of the municipality has been modified or preempted by the state. Prior to the revision of the Florida Constitution in 1968, the authority for a city to impose taxes could be derived from either general or special laws. Under the Florida Constitution as revised in 1968, the authority for a city to tax must be contained in general law, except in the case of ad valorem taxes. Article VII, s. 1(a), State Const., provides that:
No tax shall be levied except in pursuance of law. No state ad valorem taxes shall be levied upon real estate or tangible personal property. All other forms of taxation shall be preempted to the state except as provided by general law. (Emphasis supplied.) Article VII, s. 9(a), State Const., similarly limits the taxing powers of municipalities, to wit: Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution. (Emphasis supplied.) It is clear from the foregoing constitutional provisions that, except for ad valorem taxes, municipalities may be granted the power to levy any tax only by general law; and any municipal "utility" tax not so authorized must necessarily fall by virtue of the aforecited constitutional preemption clause. City of Tampa v. Birdsong Motors, Inc., 261 So.2d 1 (Fla. 1972); AGO 074-270. The special act in question allows the City of Titusville to levy a utility tax against each and every purchaser or person using the sanitary sewer service within the corporate limits of the city, in an amount not to exceed 10 percent of the payments received by the seller of such utility service from the purchaser for the purchase of such utility service. Thus, the question presented is whether such a utility tax is presently authorized by general law. Section166.201, F.S., created by s. 1, Ch. 73-129, Laws of Florida (the Municipal Home Rule Powers Act), provides: A municipality may raise, by taxation and licenses authorized by the constitution or general law, or by user charges or fees authorized by ordinance, amounts of money which are necessary for the conduct of municipal government and may enforce their receipt and collection in the manner prescribed by ordinance not inconsistent with law. (Emphasis supplied.) This section does not authorize the imposition of the utility tax in question since it does not grant any taxing power. Section 166.231(1), F.S., provides: A municipality may levy a tax on the purchase of electricity, metered or bottled gas (natural liquefied petroleum gas or manufactured), water service, telephone service, telegraph service, and cable television service. The tax shall be only upon purchases within the municipality and shall not exceed 10 percent of the payments received by the seller of the taxable item from the purchaser for the purchase of such service. This section, likewise, does not authorize the imposition of a utility tax on the sanitary sewer service inasmuch as such a service is not enumerated therein. However, s. 166.231(2), F.S., authorizes a municipality to impose a tax on utility services which are competitive with those enumerated in s. 166.231(1), supra. Your question, therefore, requires a critical factual determination as to whether the sanitary sewer service is competitive with those utility services enumerated in said s. 166.231(1). While such a factual determination may be made by the governing body of the municipality or by way of an appropriate judicial proceeding, it is my opinion that the sanitary sewer service is not a competitive utility service under s. 166.231(2) and is therefore not subject to the tax authorized by s. 166.231. Cf., Belcher Oil Co. v. Dade County, 271 So.2d 118 (Fla. 1972); AGO 072-6. It also has been contended that the provisions of Art. VIII, s. 6, State Const., preserve inviolate the power of municipalities to tax, even though that power rests upon special law (as in the instant case), but Birdsong Motors, Inc., supra, at pp. 4 to 6, has laid to rest this bone of contention.